UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CORY GROSHEK,
    and all others, similarly situated,

    Plaintiff,

v.                                            Case No.: 15-cv-157

TIME WARNER CABLE INC.

    Defendant.

## CLASS ACTION COMPLAINT

Plaintiff, Cory Groshek, on behalf of himself and others similarly situated, by his attorneys Gingras, Cates & Luebke and Axley Brynelson, LLP, herby states the following as his complaint in the above-referenced matter.

### PRELIMINARY STATEMENT

1. This is a putative class action brought pursuant to the Fair Credit Reporting Act, 15 § U.S.C. 1681, *et set.*, ("FCRA"), alleging, *inter alia,* willful violation of the FCRA's disclosure requirements.

### JURISDICTION AND VENUE

2. Jurisdiction over the subject matter of this action is conferred by 28 U.S.C. § 1331 and 15 U.S.C. §1681p.

3. Venue in the Eastern District of Wisconsin is proper pursuant to 28 U.S.C. § 1391 insofar as the Defendant regularly conducts business within this District, and the events or omissions giving rise to the claim occurred within this District.

## PARTIES

4. The Plaintiff, Cory Groshek (hereinafter "Groshek" or "Plaintiff"), an individual and representative class member, is an adult male citizen of the United States and at all times relevant resided in Brown County, Wisconsin.

5. The Defendant, Time Warner Cable Inc. (hereinafter "Time Warner") is a national business that provides cable television, high speed internet and home phone service to consumers. Its principal place of business is located at 290 Harbor Drive, Stamford, Connecticut 06902. According to the Wisconsin Department of Financial Institution's website, there is no registered agent in Wisconsin for Time Warner.

## STATUTORY BACKGROUND

6. In the 1960's concerns over consumer reports grew as their usage became increasingly ubiquitous. Errors and inaccuracies plagued these reports and jeopardized applications for, *inter alia*, employment, credit, and housing.

7. Congress passed the FCRA to resolve these issues and concerns. In particular, the FCRA was passed to require "reasonable procedures for meeting the needs of a commerce for consumer credit… and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(a)(4).

8. Under the FCRA, at any time before procuring a consumer report for employment purposes, an employer must disclose to the consumer that a consumer report may be obtained for employment purposes. 15 U.S.C. § 1681b(b)(2)(A)(i).

2

9. Under the FCRA, the aforementioned disclosure must be a "clear and conspicuous disclosure," made "in writing," and "made before the report is procured or caused to be procured."15 U.S.C. § 1681b(b)(2)(A)(i).

10. Under the FCRA, the aforementioned disclosure must be located in "a document that consists **solely** of the disclosure."15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

## FACTUAL ALLEGATIONS

11. Groshek applied for employment with Time Warner on or around September 22, 2014. The location at which Groshek applied for work with Time Warner was 3520 East Destination Drive, Appleton, Wisconsin.

12. On or about September 22, 2014, Groshek received a conditional offer of employment with Time Warner.

13. On information and belief, the conditional offer of employment was dependent upon the completion of several pages of documents on Time Warner's internet-based application system called "www.onboardingonline.com".

14. Groshek filled out the application documents online on or about September 24, 2014. Copies of the application documents are attached to this complaint as Exhibit A.

15. Included among the several page online application documents was a "Background Check & Drug Screening Authorization". This document is attached to this complaint as Exhibit B.

16. Groshek completed Exhibit B on September 24, 2014.

17. Embedded within Exhibit B is information extraneous to the consumer report authorization and disclosure and includes a release of liability which reads: "I hereby release from liability all persons and organizations furnishing references or other information."

3

Case 2:15-cv-00157-PP   Filed 02/06/15   Page 3 of 11   Document 1

18. On or about September 24, 2014, after Groshek completed the Background Check & Drug Screening Authorization, Time Warner submitted a request to General Information Services, Inc. ("GIS") for a consumer report on Groshek.

19. GIS is a consumer reporting agency as defined by the FCRA.

20. On or about October 10, 2014, GIS completed Time Warner's request for a consumer report on Groshek and provided same to Time Warner.

21. On information and belief, the forms and procedures used and followed by Time Warner for their procurement of a consumer report on Groshek are similar if not identical to the forms and procedures used and followed by Time Warner for the procurement of consumer reports for all other of its employment fulfillment and hiring purposes.

22. Time Warner willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring a consumer report on Groshek for employment purposes without first providing Groshek a clear and conspicuous written disclosure, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes.

23. On information and belief, at all material times, Time Warner conducted background checks on job applicants as part of its standard screening process.

24. On information and belief, at all material times, Time Warner did not perform these background checks itself; but rather, Time Warner relied on outside consumer reporting agencies (such as GIS, as described above) to obtain this information and report it to Time Warner. These reports constitute "consumer reports" for purposes of the FCRA.

25. On information and belief, at all material times, GIS was a "consumer reporting agency" within the meaning of the FCRA.

4

26. The FCRA requires that, prior to procuring consumer reports, employers must certify to the consumer reporting agency that they will comply with the FCRA's stand-alone disclosure requirements. *See* 15 U.S.C. § 1681b(b).

27. At all material times, the rules and regulations under the FCRA, and the interpretation thereof, governing Time Warner's conduct as relates to its background screening processes and compliance with the FCRA were clearly established.

28. Time Warner's practices violate a fundamental protection afforded to employees and prospective employees under the FCRA, are contrary to the unambiguous language of the statute and are in direct contradiction to judicial and regulatory guidance that has been in place for more than 16 years. *See* Exhibit C, (Hauxwell, 1998) ("[T]he [disclosure] form should not contain any extraneous information … The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [now located in the U.S. Code at 15 U.S.C. § 1681b(b)(2)(A)], which requires that a disclosure consists solely of the disclosure that a consumer report may be obtained for employment purposes.")

29. By knowingly inserting a liability release and other extraneous information into Plaintiff's and other putative class members' disclosures, Time Warner willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i).

## **CLASS ALLEGATIONS**

30. Plaintiff brings this action individually and as a class action for Time Warner's violations of § 1681b(b)(2) and 1681b(b)(3) of the FCRA, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following ("the Class"):

Proposed Class: All individuals in the United States for whom Time Warner obtained a consumer report as part of any employment process during the five years prior to the filing date of this complaint.

31. On information and belief, the respective class includes thousands of individuals; potentially every person for whom Time Warner procured, or caused to be procured, a consumer report within the five years prior to the date of this complaint. As such, joinder of all members of the Class is not feasible.

32. The claims of Plaintiff are typical of the Class he seeks to represent. Moreover, the questions of law and fact common to the members of the Class predominate over any questions affecting only individual class members, as all members of the Class are individuals for whom Time Warner procured or caused to be procured a consumer report for employment purposes. These common questions include, but are not limited to:

   a. Whether Time Warner willfully violated the FCRA by failing to provide a disclosure consisting solely of a consumer report disclosure;

   b. Whether Time Warner willfully violated the FCRA by failing to provide the requisite clear and conspicuous disclosure;

   c. Whether Time Warner willfully violated the FCRA by including a liability waiver in their FCRA credit report disclosure documents;

   d. Whether, and the degree to which, Time Warner's conduct warrants an award of statutory damages to the Plaintiff and corresponding Class pursuant to 15 U.S.C. § 1681n(a);

6

e. Whether, and the degree to which, Time Warner's conduct warrants an award of punitive damages to the Plaintiff and corresponding Class pursuant to 15 U.S.C. § 1681n(a).

33. Plaintiff will fairly and adequately protect the interests of the Class. The interests of the named plaintiff are consistent with, and not antagonistic to, those of the Class.

34. Plaintiff is represented by competent counsel, who are experienced in complex class action litigation, business and employment law, personnel management, computer technology and electronic discovery. Co-counsel are licensed to practice before the U.S. District Courts of the Eastern and Western Districts of Wisconsin, the Seventh Circuit Court of Appeals and the U.S. Supreme Court. Co-counsel has participated in the litigation and resolution on behalf of national and state classes in multiple cases, including: *Sjoblom v. Charter*, (United States District Court for the Western District of Wisconsin, Case No. (07-C-0451-C); *Capp v. Microsoft; Goodel et al. v. Charter Communications; Wilcox et al. v. AEI, Inc. et al.; Espenscheid et al. v. UniTec USA, LLC et al.;* and *Taylor v. Copper Family Community Care, Inc., et al*.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy and is consistent with the legislative history and objectives of the FCRA.

36. Maintenance of this action as a class action will promote the equitable administration of justice because pursuing claims on an individual basis would be disproportionately expensive.

7

37. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Time Warner.

**FIRST CAUSE OF ACTION – FAILURE TO PROVIDE A PROPER CONSUMER REPORT DISCOSURE UNDER 15 U.S.C. 1681b(b)(2)(A)**

38. Plaintiff realleges and incorporates by reference paragraphs (1) through (37) as if set forth fully herein.

39. Time Warner procured consumer reports, as defined by the FCRA, on Groshek and all putative class members. These reports were procured for employment purposes without first providing Groshek or any class member a clear and conspicuous disclosure made in writing, in a document consisting solely of the disclosure that a consumer report may be obtained for employment purposes in violation of 15 U.S.C. § 1681b(b)(2)(A)(i).

40. As a result of Time Warner's failure to provide Groshek and other putative class members with a clear and conspicuous disclosure form that consisted solely of the disclosure itself, Time Warner failed to obtain a valid authorization from Groshek and other putative class members prior to its procuring a consumer report on them which is a violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

41. Time Warner's Background Check & Drug Screening Authorization is buried within several other pages of application documents on the online application system used by Time Warner.

42. Time Warner's Background Check & Drug Screening Authorization is obscured by other information provided on the same page.

43. Time Warner's Background Check & Drug Screening Authorization also included a waiver of liability for Time Warner.

8

44. The foregoing violations were willful. Time Warner acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other putative class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Time Warner's willful conduct is demonstrated by the following (which is a non-exhaustive list):

   a. The FCRA was enacted in 1970, amended various times, and various iterations of Time Warner have been in business since 1968; such that the current provisions of the FCRA have been place during Time Warner's existence as a company;

   b. Time Warner's conduct was inconsistent with the Fair Trade Commission's longstanding regulatory guidance, judicial interpretation and the plain language of the statute itself;

   c. Time Warner knew or had reason to know that its conduct violated the FCRA;

   d. On information and belief, Time Warner repeatedly and routinely used the unlawful disclosure it used with Groshek to procure consumer reports;

   e. Time Warner's inclusion of a liability release clearly implies awareness by Time Warner that it could be held liable for improperly procuring a consumer report;

   f. Despite the plain language of the statute and the clear guidance provided by the FTC and judicial sources, Time Warner systematically procured consumer reports without first disclosing in writing to the consumer in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

   g. By adopting such a policy, Time Warner voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading of such law that was merely careless.

45. As a direct result of Time Warner's conduct, as described herein, Plaintiff and the putative class he seeks to represent are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)A).

46. As a direct result of Time Warner's conduct, as described herein, Plaintiff and the putative class he seeks to represent are entitled to punitive damages in an amount sufficient to deter such conduct in the future pursuant to 15 U.S.C. § 1681n(a)(2); and to recover attorneys' fees and costs pursuant to 15 U.S.C. 1681n(a)(3).

## PRAYER FOR RELIEF.

WHEREFORE, Plaintiff and the Class Members request that this Court:

a. Pursuant to Rule 23, Certify the proposed class, designating Plaintiff as a named representative of the Class, and designating the undersigned as Class Counsel;

b. Declare that Time Warner committed multiple, separate violations of the FCRA;

c. Permanently enjoin Time Warner from violating the FCRA by requiring that they update their disclosure authorization forms to meet FCRA standards;

d. Enter judgment against Time Warner for statutory damages not more than $1,000 per violation per Class member pursuant to 15 U.S.C. § 1681n(a);

e. Award Plaintiff's costs and reasonable attorney's fees;

f. Award punitive damages to Plaintiff and the members of the Class pursuant to 15 U.S.C. § 1681n(a)(2);

g. Issue proper notice to the Class pursuant to Rule 23 at Time Warner's expense;

h. Declare that Time Warner acted willfully, in deliberate or reckless disregard of Plaintiff's and Class Members' rights and Time Warner's obligations under the FCRA; and

i. Grant any other relief which this Court believes is reasonable and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury pursuant to the Seventh Amendment of the United States Constitution and Fed.R.Civ.Pro 38(a).

Dated: February 6, 2015.  Respectfully submitted,

s/ *Michael J. Modl*
Michael J. Modl
**AXLEY BRYNELSON, LLP**
2 E. Mifflin Street, Suite 200
Madison, WI 53703
Tel: (608) 257-5661
Fax: (608) 257-5444
mmodl@axley.com

s/ *Robert J. Gingras*
Robert J. Gingras
Heath P. Straka
**GINGRAS, CATES & LUEBKE**
8150 Excelsior Drive
Madison, WI 53717
Tel: (608) 833-2632
Fax: (608) 833- 2874
gingras@gcllawyers.com
straka@gcllawyers.com

*Attorney for Plaintiff Cory Groshek*