UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CORY GROSHEK,
    and all others, similarly situated,

                      Plaintiff,

v.                                                                Case No.: 15-cv-157

TIME WARNER CABLE INC.

                      Defendant.

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I.     Introduction

Plaintiff Cory Groshek brings this putative class action lawsuit under the Fair Credit Reporting Act ("FCRA") based on a background check disclosure form he completed after receiving an offer of employment from Time Warner Cable ("TWC"). Groshek does not allege the offer was rescinded, that he was terminated, or that he suffered an adverse action based on any results from the background check (or otherwise). Indeed, Groshek does not claim to have suffered any actual harm at all. Nonetheless, he seeks statutory and punitive damages based on a purportedly noncompliant disclosure form, alleging that TWC willfully violated the FCRA because: (1) its disclosure that it may procure a consumer report was not "clear and conspicuous"; and (2) the disclosure was not in a document consisting "solely of the disclosure and authorization," but instead included a waiver of liability for TWC. The disclosure forms attached to Plaintiff's Complaint reveal that his claim is meritless.

First, Plaintiff fails to state a claim because TWC's forms comply with the FCRA's requirements. The FCRA requires that a disclosure be "clear and conspicuous" in a document consisting "solely of the disclosure," though the statute also permits the prospective employee's authorization of the procurement of such information to be included in the same document. 15 U.S.C. § 1681b(b)(2)(A)(ii). Here, Plaintiff's own exhibits show not only that TWC's disclosure is "clear and conspicuous," but also that TWC provided Plaintiff with the disclosure at least *three separate times*. Plaintiff's Complaint and exhibits also confirm that, contrary to Plaintiff's allegations, the disclosure was *not* part of the application process, but rather something Plaintiff received (multiple times) only *after* he applied for employment *and* received an offer.

Second, Plaintiff's theory that TWC's form violates the FCRA because it includes a waiver of FCRA liability in favor of TWC also fails to state a claim, as Plaintiff's own exhibits

1

expose this allegation as demonstrably false. Indeed, the only release language contained in any disclosure document is a ***third-party*** release that does ***not*** waive any liability as to TWC: "I hereby release from liability all persons and organizations furnishing references or other information." This third-party release is far different from a waiver of liability in favor of the prospective employer, as the third-party release is part and parcel of both TWC's disclosure and the employee's authorization for TWC to obtain information. That is, the third-party release is the employee's authorization for the third-parties to provide the very information the employee has authorized TWC to acquire, without risk of liability, and thus facilitates TWC obtaining that information. Further, unlike a waiver in favor of the prospective employer, the release of third-parties who will be providing the information the consumer has authorized the prospective employer to obtain does not distract from the disclosure, but instead calls further attention to it. Accordingly, Plaintiff's non-conclusory ***factual*** allegations (as opposed to his patently false characterizations) do not state a plausible claim that TWC has violated the FCRA.

Finally, Plaintiff's claim also fails because he has not alleged sufficient facts to support a finding of willfulness, nor can he. Because Plaintiff did not suffer any harm, his FCRA claim cannot survive unless he proves that any FCRA violation was willful. Plaintiff's Complaint, however, contains only threadbare recitals and conclusory allegations of willfulness, none of which meet the standard of plausibility mandated by *Iqbal/Twombly*. Indeed, Plaintiff's sole "factual" allegation of willfulness is based on his premise that the release at issue relieved TWC from liability, a premise that is false on its face, as set forth above.

Moreover, Plaintiff cannot allege facts that would raise his allegation of "willfulness" from the realm of conclusory to plausible. A defendant's violation of the FCRA is only willful if its conduct was intentional or reckless. As the Supreme Court has explained, recklessness is not

shown through erroneous statutory interpretation, but instead requires that the erroneous statutory interpretation be "objectively unreasonable." Here, TWC's interpretation was not objectively unreasonable, as there is no caselaw or even interpretive guidance holding that it is a violation of the FCRA's disclosure requirement to include a release of third-parties for providing the very information the applicant has authorized them to provide. Rather, as noted above, the third-party release enhances the disclosure. Thus, because TWC's inclusion of a third-party release was not "objectively unreasonable," it cannot be a "willful" FCRA violation.

Accordingly, Defendant Time Warner Cable Inc. ("TWCI" or "Defendant")[1] respectfully requests that the Court grant its motion and dismiss Plaintiff's Complaint in its entirety. Because the defects in Plaintiff's Complaint are incurable, amendment would be futile and Defendant asks that the Court dismiss the Complaint with prejudice.[2]

## II. Relevant Background[3]

### A. TWC's Multiple Separate Background Check Disclosures

As alleged in the Complaint, Plaintiff applied for and received an offer of employment with TWC on or around September 22, 2014. (Compl. ¶¶ 11, 12.) Approximately two days after receiving the offer, on or around September 24, 2014, Plaintiff was provided access to TWC's online onboarding website. (DE 1-3.) This website housed various background check documents, including, *inter alia*:

---

[1] Time Warner Cable Inc. is the only entity that Plaintiff named and served in this action, and therefore is responding as Defendant in this matter. However, TWCI is not a proper defendant in this action. TWCI will cooperate with Plaintiff to substitute the correct entity should this case proceed.

[2] Plaintiff purports to bring this case as a class action. As Defendant sets forth in its opposition to Plaintiff's motion for class certification, filed concurrently herewith, Plaintiff is not an adequate representative, as he sent TWC an extortionate email threatening the instant action if TWC refused to buy him off with a payment in the "high six figures."

[3] For purposes of this motion to dismiss, the Court must assume all non-conclusory factual allegations in the complaint are true. By citing to Plaintiff's Complaint in this motion, Defendant does not admit any of Plaintiff's allegations.

3

1. TWC's Background Check Form ("Disclosure Form");

2. TWC's Background Check Acknowledgment ("Disclosure Acknowledgement");

3. Submitted Background Check ("Submitted Disclosure); and

4. Background Check & Drug Screening Authorization summary ("Disclosure Authorization Summary").

(DE 1-3 at 10-16, 24-27; DE 1-4.) Each of these documents was housed on its own dedicated webpage on TWC's onboarding website. This is demonstrated by the URL addresses at the top of each page:

1. Disclosure Form: DE 1-3 at 10-12 (located at www.onboardingonline.com /twconboarding /Forms/**BackgroundCheck. aspx**) (emphasis added); [4]

2. Disclosure Acknowledgement: DE 1-3 at 13-16 (located at www.onboardingonline.com/ twconboarding/Forms/**BackgroundCheckAcknowledge.aspx**) (emphasis added); [5]

3. Submitted Disclosure: DE 1-3 at 24-27 (Submitted Form at www.onboardingonline.com /twconboarding/Forms/**BackgroundCheckSubmitted.aspx**) (emphasis added); [6]

4. Disclosure Authorization Summary: DE 1-4 (**no URL**) (emphasis added).[7]

Because these documents were each on their own web page, they were obviously separate from the other non-background check documents included in DE 1-3. For example, the "Personal Information" (*see* DE 1-3 pages 5-9) was located on its own page: (www.onboardingonline.com/ twconboarding/Forms/ **PersonalInformation.aspx**.) (emphasis added).

---

[4] Attached as Exhibit A.

[5] Attached as Exhibit B.

[6] Attached as Exhibit C.

[7] Attached as Exhibit D.

4

The Disclosure Acknowledgment, Submitted Disclosure, and Disclosure Authorization Summary Plaintiff attached to his Complaint each separately contained an independent disclosure informing Plaintiff that TWC may procure a background check and may use the information contained therein for decisions relating to his employment. (Exs. B-D.) Each of those documents also contained an authorization from Plaintiff authorizing TWC to obtain such information. (*Id.*) The authorization included the following release of liability solely for parties furnishing the information that Plaintiff authorized TWC to obtain: "I hereby release from liability all persons and organizations furnishing references or other information." (*Id*.) Contrary to Plaintiff's assertions, <u>none</u> of these documents release TWC from liability. (*Id.*)

As the Complaint reflects, TWC did not terminate Plaintiff or take any other adverse action against him as a result of any background check or otherwise.

### B. Plaintiff's Allegations

Plaintiff alleges that TWC willfully violated "15 U.S.C. § 1681b(b)(2)(A)(i) by procuring a consumer report on Groshek for employment purposes without first providing Groshek a clear and conspicuous written disclosure, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes." (Compl. ¶ 22.) Plaintiff's only non-conclusory allegations in support of this contention are that: (1) the written disclosure was not "clear and conspicuous" because it was "buried" in an employment application; and (2) the disclosure was not in a document that consisted "solely of the disclosure" because it included a "waiver of liability for Time Warner." (Compl. ¶¶ 41-43.)

In support of his claim that the alleged violations were willful, Plaintiff relies upon several non-factual, vague, speculative, and conclusory allegations. (Compl. ¶ 44 alleging: (a) (TWC's violation of FCRA was willful because "the current provisions of the FCRA have been

5

in place during [TWC]'s existence as a company"); (b) (TWC's "conduct was inconsistent with the Fair Trade Commission's longstanding regulatory guidance, judicial interpretation and the plain language of the statute itself"); (c) (TWC "knew or had reason to know that its conduct violated the FCRA"); (d) "on information and belief, [TWC] repeatedly and routinely used the unlawful disclosure it used with Groshek to procure consumer reports;" (f) TWC "systematically procured consumer reports without first disclosing in writing to the consumer in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes;" and (g) TWC "voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading of such law that was merely careless.")  Plaintiff's sole factual allegation regarding willfulness contends that because the documents containing the disclosure purportedly included a waiver releasing TWC from FCRA liability, this inclusion demonstrated willfulness because it implied that TWC knew it could be held liable for improperly procuring a consumer report.  (Compl. ¶ 44 (e) (TWC's "inclusion of a liability release clearly implies awareness by [TWC] that it could be held liable for improperly procuring a consumer report.")  As shown above, this lone factual allegation is proven false by Plaintiff's own exhibits, as the disclosure does not contain a waiver releasing TWC from any form of liability.

Plaintiff filed the instant putative class action asserting a single cause of action for violation of 15 U.S.C. § 1681b(b)(2)(A) and seeking statutory and punitive damages and attorneys' fees under 15 U.S.C. § 1681n(a).

### III. Argument

#### A. The Motion to Dismiss Standard

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that merely "offers labels and conclusions or a formulaic recitation of elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009) (claim fails under *Iqbal* where "it is merely a formulaic recitation of the cause of action and nothing more" and thus "does not put the defendants on notice of what exactly they might have done to violate [the law].") Such conclusions and formulaic allegations are not well pleaded facts and are thus not entitled to a presumption of truth. 556 U.S. at 680; *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth"); *Brooks*, 578 F.3d at 581 ("in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."). Accordingly, only "after excising the allegations not entitled to the presumption," will a Court "determine whether the remaining factual allegations plausibly suggest an entitlement to relief." *McCauley*, 671 F.3d at 616.

#### B. Plaintiff's Allegations Do Not State a Plausible Claim That TWC's Disclosure Documents Violate the FCRA

To survive a motion to dismiss, a complaint claiming a willful violation of the FCRA must adequately allege first that a violation of the Act occurred, and second, that such violation was willful. 15 U.S.C. § 1681b(b)(2); 15 U.S.C. § 1681n(a). Here, Plaintiff purports to allege two theories as to why TWC violated the FCRA: (1) its disclosure that it may procure a consumer report was not "clear and conspicuous"; and (2) the disclosure was not in a document

7

consisting "solely of the disclosure and authorization." As shown below, however, the face of Plaintiff's Complaint and his exhibits fail to adequately allege either of these violations, and further demonstrate that Plaintiff cannot adequately plead willfulness. Plaintiff's Complaint is subject to dismissal on all of these grounds.

### 1. TWC's Disclosure Was Clear and Conspicuous

Plaintiff's theory that TWC's FCRA disclosure was not clear and conspicuous fails as a matter of law. The Seventh Circuit has advised that the Uniform Commercial Code and the Truth in Lending Act provide guidance on the definition of "clear and conspicuous" under the FCRA. *Cole v. U.S. Capital,* 389 F.3d 719, 730-31 (7th Cir. 2004).[8] The UCC defines the standard for conspicuous as "so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it." U.C.C. § 1–201(b)(10). Whether the disclosure is clear and conspicuous is an issue of law. *Cole* at 389 F.3d at 730. Relevant here, when evaluating this "clear and conspicuous" standard the 7th Circuit considers, *inter alia*, "how many times the customer was made aware of the notice." *Id*. at 730-31 (citing *H.B. Fuller Co. v. Kinetic Sys., Inc.*, 932 F.2d 681, 689 (7th Cir. 1991) (disclaimer appearing in two separate documents is conspicuous)).

Here, as demonstrated by Plaintiff's own exhibits, there is no question that the disclosure is presented in a way that a reasonable person ought to have noticed it. (DE 1-3 at 13-16; 24-27; 1-4; Exs. B-D.) Indeed, ***TWC presented the disclosure to Plaintiff at least three separate times in three separate documents***. (*Id.*)

---

[8] Unlike TWC's disclosure, the disclosure in *Cole* was not clear and conspicuous where it was "disproportionately small compared to the surrounding text; indeed, its size approaches that which cannot be read with the naked eye" and did "nothing to draw the reader's attention to it." In contrast, TWC's disclosures are contained in three separate stand-alone documents, in a reasonable font, and can be read by the naked eye. *Cole* at 389 F.3d at 731.

8

Plaintiff's only allegation to the contrary asserts that the disclosure is "buried" in several pages of TWC's employment application. (Compl. ¶ 41). Plaintiff's own exhibits, however, expose that allegation as flatly false in every respect. First, Plaintiff did not receive the disclosure with, much less in, TWC's employment application. Indeed, Plaintiff admits that at the time he received the disclosure and authorization, he had already applied for and received a job offer. (Comp. ¶¶ 11-12; 14-16). Further, far from being "buried," the disclosure was set out in no less than three separate documents on TWC's onboarding website, each of which was on its own web page. (*See* Section II.A., *supra* & Exs. B-D.) As Plaintiff's exhibits confirm that the disclosure was given to him repeatedly in separate stand-alone documents, he cannot state a legally cognizable claim that the disclosure was not clear and conspicuous.

Plaintiff's conclusory allegation that the "Background Check & Drug Screening Authorization is obscured by other information provided on the same page," (Compl. ¶ 42), does not save this claim. As an initial matter, because Plaintiff does not allege or otherwise set forth what "other information" purportedly obscured the disclosure, such a threadbare recital is insufficient to survive a motion to dismiss. *Brooks*, 578 F.3d at 582 (claim fail under *Iqbal* where "it is merely a formulaic recitation of the cause of action and nothing more" and thus "does not put the defendants on notice of what exactly they might have done to violate [the law].") Moreover even a cursory review of the three disclosure documents contradicts this baseless allegation, and shows that the information is not "obscured." Accordingly, Plaintiff's complaint fails to state a claim that TWC violated the FCRA by failing to provide a disclosure that was "clear and conspicuous."

9

### 2. Each Disclosure Document Consists Solely of the Disclosure and Authorization

Plaintiff's theory that TWC's disclosure was not in a document consisting "solely of the disclosure" also fails as a matter of law. Plaintiff sole allegation in support of this theory is his assertion that TWC's "Background Check & Drug Screening Authorization also included a waiver of liability **for [TWC]**." (Compl. ¶ 43) (emphasis added). That theory fails, as: (1) Plaintiff's allegation is disproved by his own exhibits and (2) authoritative guidance indicates that TWC's disclosure complies with the FCRA.

First, Plaintiff's theory fails at the very threshold because his allegation that the disclosure documents contained a release for TWC is demonstrably false. The language at issue does not release TWC at all. Rather, the language states only that "I hereby release from liability all persons and organizations furnishing references or other information." (Compl. ¶ 17; DE 1-3 at 13-16; 24-27; DE 1-4; Ex. B-D.) This language merely protects third parties who provide the very information Plaintiff authorized TWC to obtain. Of course, the Court cannot accept Plaintiff's characterization of the release as true when his own exhibit exposes his allegation as false. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) ("When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss.") As this is the sole basis for Plaintiff's theory that TWC violated the FCRA's "solely of the disclosure" requirement, Plaintiff's claim fails for this reason alone.

Second, Plaintiff's theory also fails because inclusion of the third-party release actually calls attention to the fact that TWC will be obtaining information from such parties, and thus enhances TWC's disclosure, rather than distracting from it. Notably, the language of the FCRA itself, FTC staff opinions, and federal court decisions all hold that inclusion of language that

10

enhances or draws focus to the disclosure is permissible. For example, the FCRA itself expressly permits authorizations for procurement of information to be included in the document with the disclosure. 15 U.S.C. § 1681b(b)(2)(A)(ii). The FTC has reasoned that inclusion of such information in a document consisting "solely of the disclosure" is proper because it would "enhance the [1681b(b)(2)(A)] disclosure." Letter from Clarke W. Brinckerhoff, Attorney, Div. of Fin. Practices, Fed. Trade Comm'n, to Kenneth Willner, Paul, Hastings, Janofsky & Walker (Mar. 25, 1999), 1999 WL 33932153, at *2 (the "Willner Letter");[9] *see also* Letter from William Haynes, Attorney, Div. of Credit Practices, Fed. Trade Comm'n, to Harold Hawkey, Emp'rs Assoc. of N.J. (Dec. 18, 1997) (the "Hawkey Letter"), 1997 WL 33791224, at *1 n. 3 (authorization will "focus the consumer's attention on the disclosure and thus further the purpose intended by the 'separate document' provision of this section").[10]

Following this logic, the FTC and at least one federal court have opined that other language that draws focus or attention to a disclosure, rather than confuse or detract from it, is permitted in a document with the disclosure and authorization. For example, the FTC opined that a document consisting "solely" of the consumer report disclosure may also include a disclosure regarding a separate section of the FCRA that concerns investigative consumer reports because such information, like an authorization, "draws focus" to the disclosure. Willner Letter 1999 WL 33932153, at *2. Similarly, a federal court suggested that certifications of truthfulness and acknowledgements that falsifying information is grounds for termination is permitted in the same document as the disclosure because it did not distract from the disclosure. *Peikoff v. Paramount Pictures Corp.*, Case No. 3:15-cv-00068-VC, at *2 (N.D. Cal. Mar. 26, 2015) ("the

---

[9] Pursuant to Local Rule 7(j), the Willner Letter is attached hereto as Exhibit E.

[10] Pursuant to Local Rule 7(j), the Hawkey Letter is attached hereto as Exhibit F.

certification . . . if not part of the statutorily permitted authorization, was closely related to it, and would similarly serve to 'focus the consumer's attention on the disclosure.'")[11]

The language at issue here is permissible because it draws focus to and does not detract from the disclosure – specifically the fact that TWC may obtain information furnished by third parties. Likewise, the language is part of the consumer's authorization, as the consumer is: (a) authorizing TWC to obtain information about the consumer from third parties, and (b) authorizing those third parties to furnish that information without risk of liability. Thus, unlike a situation where an employer seeks to insulate <u>itself</u> from FCRA liability by including a waiver for itself in the disclosure (as Plaintiff falsely alleged), the language at issue here is not extraneous to, nor does it detract from, the disclosure. Rather, such language draws the readers' attention to the fact that third parties will be consulted to provide this information, and facilitates TWC's ability to obtain the very information Plaintiff authorized it to acquire. The language at issue here thus enhances the disclosure. Accordingly, TWC's inclusion of a third-party release does not violate the FCRA.

### C. Plaintiff Fails to Adequately Allege A Willful Violation

Where, as here, a plaintiff alleges no actual harm or damages from a purported FCRA violation, his claim is only viable if he can prove that the defendant's violation was willful. 15 U.S.C. § 1681n; *Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 803 (7th Cir. 2010) (12(b)(6) dismissal of § 1681n claim proper because, *inter alia*, no willful violation). Here, Plaintiff's Complaint should be dismissed on the independent ground that he has not and cannot adequately allege that any purported violation by defendant was willful. Specifically, as shown below, Plaintiff cannot adequately allege a willful violation because: (1) his only ***factual***

---

[11] Pursuant to Local Rule 7(j), the *Peikoff* is attached hereto as Exhibit G.

allegation of willfulness is belied by his own exhibits; and (2) Plaintiff cannot allege facts to show that TWC's interpretation of the FCRA was "objectively unreasonable."

### 1. Plaintiff's Willfulness Allegations Do Not Meet *Iqbal/Twombly* Standards.

Plaintiff's willfulness allegation cannot survive a motion to dismiss because he fails to allege plausible, non-conclusory *facts* sufficient to support a finding of willfulness. Rather, Plaintiff's allegations of willfulness primarily consist of threadbare recitals parroting willfulness case law, the statute, and other vague and/or speculative allegations that could apply to any defendant. *See Gardner v. Appleton Baseball Club, Inc.*, No. 09-C-705, 2010 WL 1368663, at *6 (E.D. Wis. Mar. 31, 2010) (interpreting a FACTA claim brought under same statute at issue here holding that because "there is nothing in the complaint to distinguish the willfulness of this Defendant from any other imaginable defendant, the complaint fails to satisfy Rule 8.")[12] In fact, Plaintiff's only non-conclusory factual allegation of willfulness -- that TWC's disclosure form released TWC from liability -- is demonstrably false on its face. (*See* Compl. ¶44(e) (alleging that TWC's "inclusion of a liability release clearly implies awareness by TW[C] that **it** could be held liable for improperly procuring a consumer report")) (emphasis added). As shown above, Plaintiff's characterization of the form as releasing TWC is belied by the plain language of Plaintiff's own exhibit, which demonstrates that the release *only* protects third parties who are providing the information that Plaintiff authorized TWC to obtain. Accordingly, Plaintiff fails to allege that TWC's violation of the statute was willful.

### 2. Plaintiff Cannot Allege a Plausible Claim of Willfulness Because TWC's Interpretation Was Not "Objectively Unreasonable."

To prove a violation was willful, Plaintiff must prove the conduct in question was intentional or reckless. *Safeco Insurance Company of America v. Burr*, 551 U.S. 47, 57 (2007).

---

[12] Pursuant to Local Rule 7(j), *Gardner* is attached hereto as Exhibit H.

13

The Supreme Court has held that "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id*. at 69. Thus, a plaintiff alleging a willful violation of the FCRA must allege facts showing that a misunderstanding of the law is not just incorrect, but reaches the high standard of "objectively unreasonable." *Id.* Here, Plaintiff cannot allege facts that would show that TWC's interpretation of the statute was objectively unreasonable.

As an initial matter, Plaintiff's own exhibit confirms that there was no willful violation of the "clear and conspicuous" requirement. Rather, Plaintiff's own exhibits prove that TWC endeavored to make the disclosure clear and conspicuous. Indeed TWC not only presented the disclosure to Plaintiff in clear language and a reasonable font, it did so ***no less than three times***. TWC's belief that it complied with FCRA by providing the disclosure to Plaintiff multiple times in clear language and typical font cannot plausibly be "objectively unreasonable."

Similarly, TWC's inclusion of a *third-party* release in conjunction with Plaintiff's authorization cannot be objectively unreasonable. This is because, as explained above, the language releases only parties furnishing the very information that the employee has authorized TWC to obtain (rather than releasing TWC). Thus, this language is directly related to the authorization to gather the information in the first place, and merely facilitates TWC's ability to obtain it. Further, as noted above, there is no caselaw or interpretive guidance holding that it is a violation of FCRA's disclosure requirements to include a third-party release in the disclosure document. Given this absence of authority, TWC's interpretation that a third-party release would not violate the FCRA could not be objectively unreasonable, and thus Plaintiff cannot

14

state a plausible *willful* violation. *Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 803 (7th Cir. 2010) (holding dismissal proper because, even if defendant's interpretation of statute was erroneous, violation could not be willful where no court or agency previously opined on issue); *see also Goldberg v. Uber Tech., Inc.* No. CIV.A. 14-14264-RGS, 2015 WL 1530875, at *2 ("the inclusion of a few sensible words explaining the reason for the background check [company's commitment to safety] could hardly qualify as an "objectively unreasonable act.")[13]

In fact, even waivers that release the prospective employer from FCRA liability (unlike the third-party release here), have been found by some courts to be either valid or a non-willful violation. *See Smith v. Waverly Partners, LLC,* No. 2:10–cv–28–RLV–DSC, 2012 WL 3645324, at *6 (W.D.N.C. Aug. 23, 2012) ("the waiver—a single sentence within the authorization, which was kept markedly distinct from the disclosure language—was not so great a distraction as to discount the effectiveness of the disclosure and authorization statements");[14] *Syed v. M-I LLC ("Syed I)*, No. CIV 1:14-742 WBS, 2014 WL 4344746, at *3 (E.D. Cal. Aug. 28, 2014) ("And in light of the divergent positions taken by courts on this issue [of liability waivers], the court cannot conclude that defendants' interpretation of the requirement that the disclosure appear on a form consisting "solely of the disclosure" is erroneous, let alone 'objectively unreasonable.'");[15] *Syed v. M-I LLC* ("*Syed II*"), No. CIV. 1:14-742 WBS, 2014 WL 5426862, at *3 (E.D. Cal. Oct. 23, 2014) (waiver releasing employer not willful violation as "statute itself suggests that the term 'solely' is more flexible than at first it may appear.").[16] Moreover, the recommended form provided by Westlaw ("West's Legal Forms, Employment") includes broad release language

---

[13] Pursuant to Local Rule 7(j), *Uber* is attached hereto as Exhibit I.

[14] Pursuant to Local Rule 7(j), *Smith* is attached hereto as Exhibit J.

[15] Pursuant to Local Rule 7(j), *Syed I* is attached hereto as Exhibit K.

[16] Pursuant to Local Rule 7(j), *Syed II* is attached hereto as Exhibit L.

15

waiving FCRA liability for the employer and consumer reporting agency, further establishing that TWC's inclusion of a third-party liability release cannot plausibly be construed as a willful violation of the FCRA (attached here for the Court's convenience).[17]

In short, it is particularly implausible that TWC "ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless," as required by *Safeco*, given that the language at issue does not even release TWC from liability. *Safeco*, 551 U.S. at 69; *see also Gardner*, 2010 WL 1368663, at *6 (violation not willful where, *inter alia*, complaint failed to allege any motive for violation). Accordingly, as a matter of law, TWC's inclusion of a third party liability release as part of its authorization was not objectively unreasonable, and thus cannot plausibly be a basis for a willful violation of the FCRA.

### D. Dismissal Should Be Granted With Prejudice Because Any Amendment Would Be Futile

As set forth above, Plaintiff's Complaint fails as a matter of law because Plaintiff cannot assert any non-conclusory factual allegations that would show a plausible violation of the FCRA. Nor could Plaintiff allege any facts that would show that including the third-party release to facilitate gathering the very information Plaintiff authorized to be obtained was objectively unreasonable. As Plaintiff can allege no set of facts under which the third-party release would be objectively unreasonable, any amendment would be futile. *Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2008) (denying leave to amend where proposed amendment would be futile). Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

### IV. Conclusion

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

---

[17] The Westlaw form is attached hereto as Exhibit M.

Dated this 8th day of May, 2015.

>By:   s/*Michael Mishlove*
>Michael Mishlove
>Gonzalez Saggio & Harlan LLP
>111 East Wisconsin Avenue, Suite 1000
>Milwaukee, WI 53202
>(414) 277-8500
>*michael_mishlove@gshllp.com*

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2015, a true and correct copy of the foregoing document was filed electronically. Notification of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/<i>Michael Mishlove</i><br>
Michael Mishlove