# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CORY GROSHEK, and all others similarly situated,**

    Plaintiff,

-vs-                                  Case No. 15-C-157

**TIME WARNER CABLE, Inc.**

    Defendant.

## DECISION AND ORDER

This is a putative class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Cory Groshek alleges that Time Warner Cable, Inc. willfully violated the FCRA by procuring a consumer report for employment purposes without first providing a clear and conspicuous written disclosure in a document consisting solely of the disclosure. Groshek moved for class certification at the same time that he filed his complaint in accordance with the procedure set forth in *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("[t]he pendency of that motion protects a putative class from attempts to buy off the named plaintiffs").

Time Warner moves to dismiss for failure to state a claim. For the reasons that follow, Time Warner's motion to dismiss is denied, and the

motion for class certification will remain pending as a placeholder motion pursuant to the *Damasco* procedure. 662 F.3d at 896-97.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the lawsuit. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 570 (2007)). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Mallett v. Wis. Div. of Vocational Rehab.*, 130 F.3d 1245, 1248 (7th Cir. 1997).

Groshek applied for employment at Time Warner Cable in September of 2014. Groshek received an offer of employment conditioned upon his completion of thirty-plus pages of online documents, including multiple background screening disclosures and authorizations. Time Warner required Groshek to consent to three separate background disclosure/authorization forms, all of which included the following liability

- 2 -

release:

> "<u>I hereby release from liability all persons and organizations furnishing references or other information.</u>"

Groshek contends that the foregoing release violates 15 U.S.C. § 1681b(b)(2)(A), which provides that no person may procure a consumer report for employment purposes unless –

> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes (emphasis added); and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

Time Warner argues that Groshek fails to state a claim because the release is a third-party release, not a release for Time Warner Cable. This is beside the point because, as the statute clearly states, the document with the disclosure must contain *only the disclosure*. It is undisputed that the disclosures at issue here are on documents that also contain the above-quoted release language.

Time Warner argues further that the release language is permissible because it actually draws attention to and enhances the disclosure. In support, Time Warner cites § 1681b(b)(2)(A)(ii), *infra*, which

expressly permits the inclusion of a consumer authorization on the disclosure form, but this is the *only* item that can accompany the disclosure. Some courts have fudged on the clear statutory language, focusing on the so-called "effectiveness" of the disclosure, but the Court agrees with those courts that adhere to the language of the statute. *See, e.g., Singleton v. Domino's Pizza*, No. 11-1823, 2012 WL 245965, at *9 (D. Md. Jan. 25, 2012) ("both the statutory text and FTC advisory opinions indicate that an employer violates the FCRA by including a liability release in a disclosure documents"); *Reardon v. ClosetMaid Corp.*, No. 2:08-cv-01730, 2013 WL 6231606, at *9 (W.D. Penn. Dec. 2, 2013) ("the Court agrees with the analysis in *Singleton*, given the rather direct statutory language at issue. … [T]he release verbiage is still not an 'authorization,' which is the only other provision the FCRA allows in a valid disclosure form").

Time Warner also asserts that Groshek cannot show that the violation was willful. Under the FCRA, a willful violation must be intentional or reckless, and "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated

- 4 -

with a reading that was merely careless." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007). Once again, the Court agrees with the plaintiff and those courts which maintain that the language of the statute is simple and straightforward. Time Warner acted recklessly by including extraneous information in the disclosure. *See, e.g., Miller v. Quest Diagnostics*, No. 2:14-cv-04278-SRB, 2015 WL 545506, at *2 (W.D. Mo. Jan. 28, 2015) ("Assertions that [defendant] was aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal").

Finally, Time Warner argues that Groshek's pre-suit settlement demand demonstrates that he is an inadequate class representative:

> TWC can either pay me a high six figure settlement to make this issue disappear now, or it can pay seven or eight figures to settle it later (and I know, for a fact, that TWC will settle at some point, as all companies doe in cases such as this). The choice is TWC's – either pay me, or pay a minimum of $1000.00 to everyone affected by its FCRA violations over the last five years, plus punitive damages and reasonable attorney's fees.

Thus according to Time Warner, Groshek is inadequate because he attempted to sell out the putative class for his own financial gain. While this may have been his intent, an individual settlement with Groshek would not have compromised the claims of any putative class members.

- 5 -

Groshek's settlement demand was submitted on his own behalf, but he is now represented by competent class counsel. Time Warner also argues that Groshek is inadequate because he could be charged with extortion. John Chisholm's caseload was recently lightened,[1] but the Court doubts that the Milwaukee County District Attorney would devote time and resources to prosecuting Groshek on the tenuous theory that a pre-suit settlement demand qualifies as extortion. In any event, Time Warner can renew these arguments when Groshek's motion is ripe for decision. *Damasco*, 662 F.3d at 896 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation").

Finally, the Court notes that there are other ways for class action plaintiffs to protect themselves from the "buy-off" problem. "Before engaging in any settlement discussions, for example, counsel for potential class plaintiffs could require an agreement from defense counsel to defer the making of any actual offer of settlement until the conclusion of negotiations about the parameters of the offer to be extended or without the plaintiff's prior consent." *Smith v. Specified Credit Assoc., Inc.*, No. 14

---

[1] Eric Boehm, *Wisconsin Supreme Court shuts down John Doe investigation*, Wisconsin Watchdog (July 16, 2015), http://watchdog.org/229533/supreme-court-john-doe/.

C 06496, 2015 WL 468871, at *2 (N.D. Ill. Jan. 30, 2015). The Court would like the parties to discuss this possibility so it can dispose of the *Demasco* motion before the end of September. *Id.* at *2, n.2 ("Similar agreements are often entered into by class litigants in cases pending in this district so that prophylactic *Demasco* class certification motions, which might otherwise remain pending for long periods before briefing and resolution, can be disposed of before they become reportable on semi-annual Civil Justice Reform Act reports").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Time Warner's motion for leave to file a sur-reply brief [ECF No. 21] is **GRANTED**;

2. Time Warner's motion to dismiss [ECF No. 13] is **DENIED**;

3. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **September 16, 2015** at **9:30 a.m.** (Central Time). Please be available at that time. The Court will initiate the call.

4. The purpose of the conference call is to establish a scheduling order which will limit the time: (a) to join other parties and to amend the pleadings; (b) to file motions; (c) to complete discovery;

- 7 -

5. The scheduling order may also: (a) modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; (b) provide for the disclosure or discovery of electronically stored information; (c) include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; (d) the date or dates for conferences before trial, a final pretrial conference, and trial; and (e) any other matters appropriate in the circumstances of the case;

6. The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4);

7. The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). Please refer to Attachment A. Special attention should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (a) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (b) make the required initial disclosures under

- 8 -

Case 2:15-cv-00157-PP   Filed 07/31/15   Page 8 of 10   Document 28

Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case;

8. The written report must include the telephone numbers where the parties can be reached for this call;

9. The parties should also, as directed, discuss alternatives to the pendency of the *Demasco* placeholder motion. The written report should outline the parties' respective positions on this issue;

10. In addition, Judge Randa is participating in the Seventh Circuit Electronic Discovery Pilot Program and has adopted the <u>Principles Relating to the Discovery of Electronically Stored Information</u>. Counsel should be fully prepared to discuss methods and techniques to accomplish cooperative fact-finding in their case at the initial status conference. Before the initial status conference, counsel must also meet and discuss the Principles Relating to the Discovery of Electronically Stored Information. At the initial status conference, counsel must be prepared to discuss what agreements they have reached regarding discovery of Electronically Stored Information ("ESI") and what area of disagreement they have with regard to discovery of ESI. After discussing the matter with counsel, the Court

will determine whether to enter the <u>Standing Order Relating to the Discovery of Electronically Stored Information</u> in their particular case. (Please refer to Attachments B & C).

Dated at Milwaukee, Wisconsin, this 31st day of July, 2015.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**