UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

CORY GROSHEK,
  and all others similarly situated,

       Plaintiff,                                    Case No. 15-cv-157-RTR

v.

TIME WARNER CABLE INC.,

       Defendant.

---

### NOTICE REGARDING PLAINTIFF'S PENDING CLASS CERTIFICATION MOTION
---

      The parties, pursuant to the Court's Orders of July 31, 2015 and September 16, 2015, hereby submit the following Notice Regarding Plaintiff's Pending Class Certification Motion:

      Prior to and following the Court's Fed. R. Civ. P. 16(b) telephonic scheduling conference on September 16, 2015, the parties met and conferred in a good-faith effort to agree upon a stipulation regarding the withdrawal of Plaintiff's pending motion for class certification. (Dkt. 7) The parties were unable to reach an agreement regarding the form of a stipulation. Accordingly, the following are the parties' respective positions regarding Plaintiff's pending motion for class certification:

      **Plaintiff:** Plaintiff disagrees that the opinion and guidance provided by the United States Court of Appeals for the Seventh Circuit in *Damasco* was expressly overruled by the recent *Chapman* decision. Plaintiff offered to stipulate to language that Defendant will not make an actual offer to settle Plaintiff's claim, or the claim of any individual class representative, without first providing three (3) business days' notice to class counsel of Defendant's intent to do so. Defendant did not agree to this proposed stipulation. Given that discovery has now begun,

Plaintiff will be in a position to pursue the pending motion for class certification in a timely fashion.

**Defendant:** In light of the Seventh Circuit's recent ruling in *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015), which expressly overruled *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), there is no requirement, benefit, or purpose for Plaintiff's motion to remain pending and it should either be withdrawn by Plaintiff or denied without prejudice by the Court. In light of *Chapman*, therefore, Defendant does not believe any stipulation is necessary.

Dated this 28th day of September, 2015.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| s/ *Michael J. Modl* | s/ *Michael Mishlove* |
| Michael J. Modl | Michael Mishlove |
| **AXLEY BRYNELSON, LLP** | Emery K. Harlan |
| 2 E. Mifflin Street, Suite 200 | **GONZALEZ, SAGGIO & HARLAN LLP** |
| Madison, WI 53703 | 111 East Wisconsin Avenue, Suite 1000 |
| Tel: (608) 257-5661 | Milwaukee, WI 53202 |
| Fax: (608) 257-5444 | Tel: 414-277-8500 |
| mmodl@axley.com | Fax: 414-277-8521 |
| | michael_mishlove@gshllp.com |
| s/ *Robert J. Gingras* | emery_harlan@gshllp.com |
| Robert J. Gingras | |
| Heath P. Straka | *Attorneys for Defendant Time Warner Cable, Inc.* |
| **GINGRAS, CATES & LUEBKE** | |
| 8150 Excelsior Drive | |
| Madison, WI 53717 | |
| Tel: (608) 833-2632 | |
| Fax: (608) 833- 2874 | |
| gingras@gcllawyers.com | |
| straka@gcllawyers.com | |

s/ *John C. Mitby*
John C. Mitby
**HURLEY, BURISH & STANTON, S.C.**
33 East Main Street, Suite 400
Madison, WI 53703
Tel: (608) 257-0945
Fax: (608) 257-5764

jmitby@hbslawfirm.com

*Attorney for Plaintiff Cory Groshek*