# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CORY GROSHEK, and all others similarly situated,**

    Plaintiff,

-vs-                Case No. 15-C-157

**TIME WARNER CABLE, Inc.**

    Defendant.

## DECISION AND ORDER

Time Warner Cable, Inc. moves to stay this putative class action under the Fair Credit Reporting Act until after the United States Supreme Court issues rulings in two cases: *Spokeo v. Robins*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (2015), and *Tyson Foods, Inc. Bouaphakeo*, 765 F.3d 791 (8th Cir. 2014), *cert granted*, 135 S. Ct. 2806 (2015). *Tyson Foods* was decided eleven days after briefing concluded on this motion. --- S. Ct. ----, 2016 WL 1092414 (March 22, 2016). Thus, the only issue for the Court is whether it should stay proceedings and await the ruling in *Spokeo*.

The question presented in *Spokeo* is whether Congress "may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by

authorizing a private right of action based on a bare violation of a federal statute." *See* http://www.supremecourt.gov/qp/13-01339qp.pdf. Recently, the Court granted a stay pending *Spokeo* where, as here, the statute at issue — the Telephone Consumer Protection Act — "create[s] a right to statutory damages without requiring proof of actual injury." *Hannahan Endodontic Group, P.C. v. Inter-Med, Inc.*, No. 15-C-1038, 2016 WL 270224, at *1 (E.D. Wis. Jan. 20, 2016). The Court's analysis applies equally herein:

> If the Supreme Court were to rule that actual damage is required to confer standing, class certification would be rendered an impossibility. *See* Fed. R. Civ. P. 23(a). Therefore, awaiting the ruling in *Spokeo* has enormous potential to simplify the issues in this case and reduce the burden of litigation. Hannahan argues that it would be prejudiced by the delay, but *Spokeo* was argued in November and a decision can be expected by the end of the Supreme Court's current term in June of 2016. …

*Id.*

Groshek argues that Justice Scalia's unexpected death on February 13 increases the chances that the *Spokeo* ruling will be delayed for over a year due to the potential that the Court will decide to reargue the case in the next term. A recent study concluded that from 1946-2014, a vacancy occurring after a case was argued increased the odds of reargument, but the odds are still low. *See* Tom Pryor, Timothy R. Johnson and Valerie

- 2 -

Hoekstra *How Many cases will the Supreme Court put off till next term? Maybe none*, Washington Post, March 25, 2016.[1] The most likely result is that the Supreme Court will proceed to decide most, if not all, of its argued cases in the normal course of events. Even if the Supreme Court did reargue *Spokeo*, neither Groshek nor the putative class would be prejudiced by the resulting delay.

Time Warner Cable's motion to stay [ECF No. 43] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2016.

**SO ORDERED:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

---

[1] https://www.washingtonpost.com/news/monkey-cage/wp/2016/03/25/how-many-cases-will-the-supreme-court-put-off-till-next-term-maybe-none/ (last visited March 28, 2016).

- 3 -