UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORY GROSHEK,                                    Case No. 15-cv-157-pp

        Plaintiff,

v.

TIME WARNER CABLE, INC.,

        Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO STAY EXECUTION OF JUDGMENT FOR COSTS WITHOUT POSTING A BOND (DKT. NO. 81)**

---

On August 9, 2016, the court granted the defendant's motion to dismiss. Dkt. Nos. 71, 72. The defendant then filed its bill of costs. Dkt. No. 73. The clerk taxed those costs--$3,621.06—on August 30, 2016. Dkt. No. 75.

The plaintiff has filed a notice of appeal to the Seventh Circuit. Dkt. No. 76. On September 20, 2016—about two weeks after filing his notice of appeal—the plaintiff filed this motion, asking the court to stay execution of the judgment for costs pending the appeal, and to waive the posting of a bond. Dkt. No. 81.

The plaintiff begins by indicating that he asked counsel for the defendant whether the defendant would agree to the stay; the defendant responded that it would not agree to a stay absent posting of a bond. Id. at 1. The plaintiff argues that the cost of a bond would be between $500 and $1,000, on top of the full amount of the judgment. He also argues that posting a bond takes "voluminous

1

paperwork, including disclosure statements from all of the owners of each firm." Id. at 2.

The plaintiff then states that "[c]lass counsel, by fee agreement, is responsible for payment of costs in this class action lawsuit, should Plaintiff not ultimately prevail on his claim. Class counsel represent that the two firms representing Plaintiff class in this matter, have sufficient assets to pay the judgment for costs." Id. For these reasons—because the cost of the bond would be high, it would require paperwork, and "class counsel" are responsible for paying costs and have the money to do so, the court should stay enforcement of the judgment for costs, without requiring the plaintiff to post a bond. Id.

The defendant responds that Fed. R. Civ. P.62(d) allows a plaintiff to obtain an automatic stay only by posting a bond. Dkt. No. 82 at 1. It points out that the plaintiff cited no authority for the proposition that there is an exception to the Rule 62(d) bond requirement if the party's counsel can pay the judgment. It also points out that the plaintiff has not identified any "extraordinary circumstances" warranting waiver of the bond requirement. Finally, the defendant notes that if "class counsel" has sufficient cash to pay the judgment for costs, then counsel should just go ahead and post the bond (despite the fact that it will require some work). Id. at 2.

Rule 62(d) allows an appealing party to obtain an automatic stay pending appeal by posting a bond, and the stay goes into effect when the court approves the bond. The rule lists two exceptions: a party doesn't have to post a bond for the automatic stay of an interlocutory or final judgment in an injunction or

2

receivership action, and a party doesn't have to post a bond to obtain an automatic stay of a judgment or order "that directs an accounting in an action for patent infringement." (Referencing Rules 62(a)(1) and (a)(2)) Neither of those exceptions exist in this case.

The plaintiff argues that, pursuant to a fee agreement, "class counsel" is responsible for paying costs, and that the two firms representing "Plaintiff class" have enough money to pay the $3,600 judgment of costs. As the defendant points out, the fact that one's attorney is bound by contract to cover costs is not an exception to Rule 62(d). In addition, the court is a bit flummoxed by the references to "class counsel." It is true that the complaint filed on February 6, 2015 contained class allegations, Dkt. No. 1, and that the plaintiff filed a motion to certify a class, Dkt. No. 2. But no law firm ever his filed an application to be appointed as class counsel. The court has not certified a class. There has been no formal class discovery schedule set, because the court granted a motion to dismiss. The plaintiff's motion provides no information about counsel's obligation to the *individual plaintiff* if no class ever is certified, and the case proceeds as an individual action—which is the state of affairs at present.

Nor does Rule 62(d) contain a "*de minimis*" exception; it does not state that one obtains an automatic stay via a bond unless the bond would be too costly, or the process of obtaining the bond would be too burdensome.

The only option available to the plaintiff is to ask the court to use its discretion to waive the bond requirement. Dillon v. City of Chicago, 866 F.2d

3

902, 904 (7th Cir. 1988). An appealing party does not have to post a bond to obtain a stay; the bond requirement is a condition of obtaining an *automatic* stay. Northern Indiana Public Service Co. v. Carbon County Coal Co., 799 F.2d 265, 281 (7th Cir. 1986). The Seventh Circuit has indicated that when a trial court is considering whether to waive the bond requirement, it may look to

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . . ; (4) whether "the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money" . . . ; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Dillon v. City of Chicago, 866 F.2d at 904-905 (citations omitted).

The Seventh Circuit has affirmed a district court's waiver of bond in a case where the appellant seeking the stay was a solvent public utility with assets far in excess of the judgment. Northern Indiana Public Service Co. v. Carbon County Coal Co., 799 F.2d at 281. It also has approved waiver of bond where the collection process is cumbersome, time-consuming and uncertain. Lightfoot v. Walker, 797 F.2d 505, 506-507 (7th Cir. 1986) (judgment against the state could not be collected "unless and until the state legislature vote[d] to appropriate the money necessary to pay it").

The facts of the plaintiff's case do not resemble those of Carbon Coal or Lightfoot. The plaintiff is an individual—Cory Groshek—who lives in Brown County, Wisconsin. Dkt. No. 1 at 2. He is not a solvent public (or private) corporation with demonstrated assets well in excess of the judgment. While

4

collecting a judgment from the plaintiff will not require the defendant to wait for the Wisconsin legislature to make an appropriation, the process may be cumbersome if the defendant has to seek the judgment from the plaintiff himself; the court has no information about the plaintiff's financial condition. The plaintiff has provided no information regarding his net worth, his liquidity, or his ability to pay the taxed costs. As the court noted above, the court cannot rely on the assertion that "class counsel" is responsible for costs by contract, when there is no class. The court has no information, therefore, which would indicate that collection would not be cumbersome, and no information that gives it any degree of confidence that posting a bond would be a waste of money. The court has no information regarding whether the posting of a bond would put the plaintiff's other creditors in a precarious situation—or even if the plaintiff has other creditors.

Finally, the plaintiff indicated that research into the bond question had revealed that the cost of a bond would be $500 to $1,000. The plaintiff provided no information about the source of that information—given that the alleged costs are between 13% and 28% of the total cost of the judgment, it would have been helpful for the plaintiff to indicate where he obtained such quotes, and the basis for the amounts he quotes. And as for cumbersome paperwork—as the defendant points out, that is the nature of the bond process for any party seeking a stay pending appeal.

"The philosophy underlying Rule 62(d) is that a plaintiff who has won in the trial court should not be put to the expense of defending his judgment on

5

appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if it is affirmed." Lightfoot v. Walker, 797 F.2d at 506-507. The assertions the plaintiff made in his motion to stay without a bond are not sufficient to support that philosophy.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to stay execution of judgment for costs. Dkt. No. 81. The plaintiff may renew his motion for a stay if and when he posts a bond.

Dated in Milwaukee, Wisconsin this 12th day of October, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge